**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

*************************************
Roberto Pereyra;

City Fitness Group, LLC.

      Plaintiffs

v.                                              Civil Action No.: 1:15-cv-12854

Herve Sedky;

KLIO Fitness Clubs, LLC;

KLIO Fitness BOS, LLC;                          **COMPLAINT**

KLIO Fitness Lynn, LLC;

KLIO Fitness MHD, LLC;

KLIO, LLC.

      Defendants
*************************************

**NOW COME** the Plaintiffs, Roberto Pereyra and City Fitness Group, LLC, who, through the undersigned counsel, file its Complaint against the Defendants, KLIO, LLC; KLIO Fitness Clubs, LLC; KLIO Fitness BOS, LLC; KLIO Fitness Lynn, LLC; KLIO Fitness MHD, LLC; and Herve Sedky, individually.

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 & original jurisdiction over trademark and unfair competition matters pursuant to 28 U.S.C. 1338(a) & (b).

1

2. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue in this District is proper under 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff, Roberto Pereyra, is a resident of the State of Rhode Island.

5. The Plaintiff, City Fitness Group, LLC is a Massachusetts Limited Liability Company, with an incorporated address at 17B Pine Knoll Lane, Taunton, Massachusetts, and having a principal place of business at 1755R Bald Hill Road, Warwick, Rhode Island.

6. The Defendant, KLIO, LLC, is a Massachusetts Limited Liability Company, with a principal address of 69 Washington Street, Marblehead, Massachusetts.

7. The Defendant, KLIO Fitness Clubs, LLC, is a Massachusetts Limited Liability Company, with a principal address of 69 Washington Street, Marblehead, Massachusetts.

8. The Defendant, KLIO Fitness BOS, LLC, is a Massachusetts Limited Liability Company, with a principal address of 69 Washington Street, Marblehead, Massachusetts.

9. The Defendant, KLIO Fitness Lynn, LLC, is a Massachusetts Limited Liability Company, with a principal address of 69 Washington Street, Marblehead, Massachusetts.

10. The Defendant, KLIO Fitness MHD, LLC, is a Massachusetts Limited Liability Company, with a principal address of 69 Washington Street, Marblehead, Massachusetts.

11. Herve Sedky is an individual residing at 172 Front Street, Marblehead, Massachusetts.

# FACTS

## *Mr. Pererya and City Fitness Group*

12. City Fitness Group, LLC (hereinafter "City Fitness") is a Massachusetts Limited Liability Company is an entity that remains in good standing with the Secretary of the Commonwealth and that filed its articles of organization on March 3, 2011.

13. City Fitness presently owns and operates a fitness club located at 1755R Bald Hill Road, Warwick, Rhode Island.

14. Roberto Pereyra (hereinafter "Mr. Pereyra") is the Manager and sole Member of City Fitness.

15. City Fitness operated under the trade name "Leap Fitness" and is the former owner and operator of three (3) health and fitness clubs, located at located at 71 Lansdowne Street, Boston, Massachusetts; 46 Tioga Way, Marblehead, Massachusetts; and 181 Union Street, Lynn, Massachusetts (hereinafter collectively "Health Clubs').

16. City Fitness acquired the Lynn location in December 2007 by way of private sale. City Fitness acquired the Marblehead and Fenway Locations in March 2011 by way of private sale.

17. Each of the Health Clubs provided its customers and members with a variety of health and fitness features, including, but not limited to: (1) strength equipment, such as selectorized machines, plate, dumbbell, and rack weight systems, modular and multi-stations; (2) cardio equipment, such as treadmills, elliptical, stair steppers, stationary bikes; (3) Group and class based exercise, such as spinning, "boot camp," TRX, and Yoga; (4) Personal and group physical training and coaching; (5) Locker room facilities, including private lockers, toilets, showers, changing and dressing areas.

18. The Health Clubs were considered successful from a financial standpoint and received positive feedback and reviews from its members at all three locations.

19. In order to provide its members with the most up to date and efficient strength and cardio equipment, and facilities, City Fitness entered into several equipment lease agreements so as to obtain the rights and use to numerous pieces of strength and cardio equipment. The success of a Health Club is largely dependent on the satisfaction of its members and ability to provide high quality and up to date equipment for its members.

20. On or about May 22 2012, City Fitness entered into a lease agreement with Time Payment Corp, of Burlington, Massachusetts, for the lease of cardio equipment for its 420 Lynnway, Lynn, Massachusetts ("Lynn Location"). The term of lease agreement was thirty-six (36) months at a rate of $586.04 per month, and total payment amount of $21,097.44. Mr. Pereyra personally guaranteed the lease agreement.

21. On or about July 3, 2012, City Fitness entered into a lease agreement with Barratt Leasing of Spokane, Washington, Lease Number 693, for strength and cardio equipment for its 71 Lansdowne Street, Boston, Massachusetts ("Fenway Location"). The term of lease agreement was sixty (60) months at a rate of $1,583.82 per month, and total payment amount of $95,029.20. Mr. Pereyra personally guaranteed the lease agreement.

22. On or about July 3, 2012, City Fitness entered into a lease agreement with Barratt Leasing of Spokane, Washington, Lease Number 694, for strength and cardio equipment for its 46 Tioga Way, Marblehead, Massachusetts ("Marblehead Location"). The term of lease agreement was sixty (60) months at a rate of $1,583.82 per month, and total payment amount of $95,029.20. Mr. Pereyra personally guaranteed the lease agreement.

4

23. On or about July 3, 2012, City Fitness entered into a lease agreement with Barratt Leasing of Spokane, Washington, Lease Number 695, for strength and cardio equipment for its Lynn Location. The term of lease agreement was sixty (60) months at a rate of $1,334.31 per month, and total payment amount of $80,058.60. Mr. Pereyra personally guaranteed the lease agreement.

24. On or about January 29, 2013, City Fitness entered into a lease agreement with Access Capital of Tustin, California, for rubber flooring and mats for its Fenway Location. The term of lease agreement was thirty-six (36) months at a rate of $1,332.13 per month, and total payment amount of $47,956.68. The lease was assigned to Pawnee Leasing Corporation of Fort Collins, Colorado. Mr. Pereyra personally guaranteed the lease agreement.

25. On May 7, 2013, City Fitness registered its servicemark for "Leap Fitness," consisting of the standard character mark, Word Mark, "Leap Fitness," with the United States Patent and Trademark Office, Registration Number 4332014, International Class 41, relating to health club services providing for the instruction and equipment in the field of physical exercise.

26. On May 21, 2013, City Fitness registered its servicemark for "Leap Fitness," consisting of a design plus words and/or letters, Word Mark, "Leap Fitness," with the with the United States Patent and Trademark Office, Registration Number 4338272, International Class 41, relating to health club services providing for the instruction and equipment in the field of physical exercise, and a representation of such service mark appears visually as follows:



27. The service marks registered by City Fitness were used by the entity for identification and marketing purposes; including, but not limited to letterhead, internal and external memoranda, business cards, t-shirts, indoor and outdoor signs, its web-site, and others.

### *Herve Sedky and the KLIO Family of LLCs*

28. Herve Sedky is a former executive for American Express Company (hereinafter "American Express") who was terminated sometime in 2013. Following his separation from American Express, he expressed an interest in investing in a new business venture. Prior to his involvement in the transactions described in this Complaint, Mr. Sedky had no prior experience either owning or operating any type of health and fitness club.

29. The Defendants KLIO, LLC; KLIO Fitness Group, LLC; KLIO Fitness BOS, LLC; KLIO Fitness Lynn, LLC; KLIO Fitness MHD, LLC are all entities that are managed by Mr. Sedky. He is also the dominant membership interest holder for each of these entities, who presently owns at least a 70% membership interest in all of these entities.

30. The Defendants KLIO, LLC; KLIO Fitness Group, LLC; KLIO Fitness BOS, LLC; KLIO Fitness Lynn, LLC; KLIO Fitness MHD, LLC are all part of a joint venture, and/or subsidiaries whose purpose is to finance, invest in, own, operate, and profit from health and fitness clubs in Massachusetts.

*The Business Dealings Between Herve Sedky, the KLIO LLCs and Roberto Pereyra and City Fitness Group, LLC*

31. On or about June 1, 2013, Roberto Pereyra and City Fitness Group, LLC entered into a written Memorandum of Understanding (hereinafter "MOU") with KLIO, LLC and Herve Sedky, concerning the sale of all three (3) Health Clubs and the assets of City Fitness.

32. Pursuant to the Memorandum of Understanding, the parties agreed as follows:

    a. KLIO, LLC or its acquiring / nominee entity would purchase the assets of the City Fitness;

    b. In exchange for the assets of City Fitness, KLIO, LLC agreed to: (1) Pay Mr. Pereyra and City Fitness an amount to be calculated based on the net income of City Fitness; (2) A twenty-five percent (25%) interest in the acquiring and/or nominee entity; (3) To employ Mr. Pereyra as a full-time employee at a salary rate of $75,000.00 per year as the general manager of all three (3) Health Clubs;

    c. That KLIO, LLC and /or the acquiring or nominee entity would assume liability on all three real estate commercial leases and equipment leases at all three (3) Health Clubs;

    d. That City Fitness would make all financial and business disclosures as required by KLIO, LLC's counsel and certified public accountant, and the nominee and/or acquiring entity.

    **Exhibit A.**

33. The MOU did not provide for the transfer of the intellectual property rights, including the two (2) service marks referenced in the preceding paragraphs, as well as City Fitness's fitness facility in Warwick, Rhode Island.

34. Prior to the execution of the MOU, Mr. Pereyra informed Mr. Sedky that he signed a personal guarantee for all equipment leases for the Health Clubs. Following the execution of the MOU, Mr. Pereyra provided Mr. Sedky, his counsel, and certified public accountant with copies of all equipment lease agreements.

35. On or about August 16, 2013, KLIO Fitness, LLC and City Fitness entered into an Asset Purchase Agreement concerning the sale of the three Health Clubs and assets of City Fitness to KLIO Fitness, LLC. **Exhibit B**.

36. Pursuant to the Asset Purchase Agreement ("The Purchase Agreement"), the parties agreed as follows:

    a. The Purchase Agreement defines KLIO Fitness Clubs, LLC as the Purchaser and City Fitness Group, LLC as the Seller.

    b. The parties agreed to purchase and sell the Fenway, Lynn, and Marblehead Locations, and all assets contained therein.

    c. Section 1.2 of The Asset Purchase Agreement states that the KLIO Fitness Clubs, LLC shall assume the liabilities that exist as of the day of the closing date. Schedule 1.2 defines liabilities as: ". . . the leases in Lynn, Boston and Marblehead, and the equipment leases at all of the locations to the extent they exist."

    d. Section 1.3(b) and 7.4 of The Purchase Agreement states that KLIO Fitness Clubs, LLC shall provide to City Fitness the following consideration: (1) $85,000.00; (2) A twenty-five (25%) interest into KLIO Fitness, LLC; (3) A twenty-five percent (25%) portion of the net income received by KLIO Fitness,

    LLC during the fiscal year 2015; (4) An At-Will Employment Agreement for the employment and services of Mr. Pereyra.

37. At all times from June 2013 to the present, the Defendants have been represented by his personal counsel, Edward A. Shapiro (hereinafter "Attorney Shapiro") of Newton, Massachusetts.

38. On August 29, 2013, Mr. Sedky, Mr. Pereyra, and Attorney Shapiro executed operating agreements for KLIO Fitness BOS, LLC, KLIO Fitness Lynn, LLC KLIO Fitness MHD, LLC.

39. All three (3) operating agreements specified that Mr. Sedky held a seventy percent (70%) interest in the LLCs.

40. All three (3) operating agreements specified that Mr. Pereyra held a twenty-five (25%) membership interest in the LLCs.

41. Attorney Shaprio, also holds a five percent (5%) membership interest in KLIO Fitness Clubs, LLC, KLIO Fitness BOS, LLC, KLIO Fitness Lynn, LLC KLIO Fitness MHD, LLC.

42. On or about September 3, 2013, KLIO Fitness, LLC took possession of the three Health Clubs and City Fitness ceased ownership and operation of those Health Clubs.

43. On September 3, 2013, the Defendant KLIO Fitness Clubs, LLC and Mr. Pereyra entered into an At Will Employment Agreement specifying Mr. Pereyra's employment as a manager for the Health Clubs at an annual salary rate of $75,000.00. **Exhibit C**.

44. On September 3, 2013, Mr. Pereyra began working under the terms of the At Will Employment Agreement until his termination on August 28, 2014.

45. Mr. Pererya served as the general manager of all three Health Clubs, and served as a consultant and advisor to Mr. Sedky.

46. Mr. Pereyra was not paid any severance at the time of his termination, nor was he paid wages for two weeks and two weeks of accrued vacation time.

47. Sometime in the late-Spring of 2014, the Defendants discontinued all monthly lease payments to the equipment lessors, Barratt Leasing Corporation, Pawnee Leasing Corporation and Time Payment. Prior to that time, the Defendants made all monthly payments to the aforementioned equipment lessors.

48. Defendants' failure to make monthly payments to the aforementioned equipment lessors caused the Plaintiffs to default on such leases, and, as a result, those lessors initiated collection proceedings, threatened litigation, and compelled the Plaintiffs to undertake personal financial responsibility for all equipment leases. The Plaintiffs was forced to transfer, store, liquidate and return all equipment subject to the leases at his own expense, and resume making monthly payments on such leases.  The Plaintiffs were compelled to collateralize all leases on the equipment located at the Plaintiff's Health Club in Rhode Island.  Prior to this collateralization, the Plaintiff had owned outright all the equipment at his Rhode Island facility and was not responsible for making any monthly payments to any lender or lessor.

49. Sometime in the summer 2014, without the knowledge and consent of the Plaintiffs, the Defendant, Sedky, personally negotiated a "short sale" of the flooring equipment and padding at the Fenway location with Pawnee Leasing. Sedky discontinued monthly payments and paid a lump sum amount less than what was due under the lease agreement to Pawnee Leasing in exchange for title to the flooring and equipment and padding.

Sedky knew that Pereyra was personally liable on this lease. As a result of the short sale, Pereyra was responsible for paying a deficiency to Pawnee Leasing. Sedky did not pay any deficiency to Pawnee Leasing.

***The Defendants' Infringement and Misuse of the Plaintiffs' Intellectual Property***

50. At all times since September 3, 2013 through the date of this Complaint, the Defendants use and continue to use the registered service mark, "Leap Fitness" for identification, marketing, and promotional purposes in the field of health and fitness clubs and physical education. Examples of the Defendant's use of the registered service mark, include, but are not limited to the following: the word mark "Leap Fitness" appear on several signs at the exterior of the Fenway and Marblehead Locations; the clothing and name tags that identify the employees and staff of the Defendants; the letterhead, business cards, memoranda, and member contracts used by the Defendants; and throughout the Web-site, [www.leapfitclubs.com](www.leapfitclubs.com).  The Defendant also use the Plaintiffs' registered service marks on social media web-sites, such as Yelp.com, Facebook.com, and Twitter.com, for marketing and promotional purposes.

51.  At all times since September 3, 2013 through the date of this Complaint the Defendants use and continue to use the registered service mark, the logo design for "Leap Fitness," on  several signs at the exterior of the Fenway and Marblehead Locations; the clothing and name tags that identify the employees and staff of the Defendants; the letterhead, business cards, memoranda, and member contracts used by the Defendants; and on the Web-site, [www.leapfitclubs.com](www.leapfitclubs.com).  The Defendant also use the Plaintiffs' registered service marks on social media web-sites, such as Yelp.com, Facebook.com, and Twitter.com, for marketing and promotional purposes.

52. The Defendants currently operate a Web-site and use an e-mail server, www.leapfitclubs.com, which references the word and logo service marks registered by the Plaintiffs.

53. The Defendants currently use www.facebook.com for marketing and promotional purposes for its Boston and Marblehead locations. The Boston Health Club displays the Plaintiffs' logo and name service mark. The Marblehead Health Club displays the Plaintiffs' name service mark.

54. The Defendants have not entered into a license agreement, and have not been provided permission to use the Plaintiffs' registered service marks.

55. The Asset Purchase Agreement contains no provision for the transfer, assignment, or sale of the Plaintiffs' registered service marks, and solely permits the Defendants to obtain rights to the name "City Fitness" for the purposes of operating a fitness and health club.

## CLAIMS

### COUNT I
### INFRINGEMENT OF REGISTERED SERVICEMARK;
### LANHAM ACT, 15 U.S.C. § 1114
### (ALL PARTIES)

56. Plaintiff realleges each allegation set forth in the paragraphs above.

57. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114 (1) (a) & (b) with respect to Defendants' infringement of the registered mark for the words and letters, and design logo "Leap Fitness."

58. Defendants' intentional and willful infringement of the Leap Fitness registered service mark has caused and will continue to cause damage to the Plaintiffs, and is causing

damage to the Plaintiffs for which there is not adequate remedy at law.  Defendants are directly liable for these actions.

## COUNT II
### UNFAIR COMPETITION; LANHAM ACT 15 U.S.C. § 1125(A)
(ALL PARTIES)

59. Plaintiff realleges each allegation set forth in the paragraphs above.

60. Defendants' use of the Plaintiffs' service marks to promote, market, or sell its services in-person and/or via www.leapfitclubs.com, and www.facebook.com, in direct competition with the Plaintiffs constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of the Plaintiffs' service marks is likely to cause confusion, mistake, and deception among consumers.

61. Defendants' unfair competition has caused and will continue to cause damage to the Plaintiffs, and is causing damage to the Plaintiffs for which there is not adequate remedy at law.  Defendants are directly liable for these actions.

## COUNT III
### CYBERPIRACY; LANHAM ACT, 15 U.S.C. § 1125(D)
(ALL PARTIES)

62. Plaintiff realleges each allegation set forth in the paragraphs above.

63. Defendants' bad faith intent to derive profit by trafficking in and using a domain name, www.leapfitclubs.com,  that is confusing similar to the Plaintiffs' registered service mark, constitutes cyberpiracy pursuant to 15 U.S.C. § 1125(d).

64. Defendants' cyberpiracy of the Leap Fitness registered service mark has caused and will continue to cause damage to the Plaintiffs, and is causing damage to the Plaintiffs for which there is not adequate remedy at law.  Defendants are directly liable for these actions.

## COUNT IV
## BREACH OF EMPLOYMENT AGREEMENT
### (KLIO Fitness Clubs, LLC)

65. Plaintiff realleges each allegation set forth in the paragraphs above.

66. On September 3, 2013, the Plaintiff, Mr. Pereyra, and the Defendant, KLIO Fitness Clubs, LLC entered into a written At Will Employment Agreement.

67. The At Will Employment Agreement provided, in part, that: "[i]f the Employee's employment is terminated by the Employer for no cause prior to January 1, 2015, the Employer shall continue to pay the Employee, as a severance agreement, his salary until the Employee has received $50,000 of his salary from the date of termination."

68. On August 28, 2014, the Defendant, KLIO Fitness Clubs, LLC, terminated Mr. Pereyra, without cause and ended all compensation payments to him from that day forward and to the date of the filing of this Complaint.

69. The Defendant, KLIO Fitness Clubs, LLC, breached the At Will Employment Agreement by failing to compensate the Plaintiff, Mr. Pereyra, the sum of $50,000.00.

70. As a result of the Defendant's breach of the At Will Employment Agreement, Mr. Pereyra has suffered damages in the amount of $50,000.00.

## COUNT V
## VIOLATION OF WAGE AND HOUR ACT; M.G.L. CH. 149 § 148
### (ALL PARTIES)

71. Plaintiff realleges each allegation set forth in the paragraphs above.

72. The Plaintiff has standing and a private right of action pursuant to M.G.L. ch. 149, § 150 and ch. 151 § 1B & 20.

73. On March 31, 2015, the Office of the Attorney General for the Commonwealth of Massachusetts provided its written assent and authority for the Plaintiff to privately file claims against the Defendants for violations of M.G.L. ch. 149.  **Exhibit D.**

74. Mr. Pereyra was an employee of the Defendants.

75. The Defendants have not paid wages and the fair value of accrued vacation time in the amount of $8,298.00 pursuant to his At Will Employment Agreement, either during or at any time following termination Plaintiff's employment with Defendants.

76. Defendants' failure to pay wages and the fair value of accrued vacation time due the employee Plaintiff constitutes a violation of Mass. Gen. Laws ch. 149, § 148.

77. As a result of Defendant's breach, the Plaintiffs have suffered damages and are entitled to seek monetary damages, costs, and attorney's fees pursuant to Mass. Gen. Laws ch. 149, § 150.

## COUNT VI
## BREACH FIDUCIARY DUTY
### (HERVE SEDKY)

78. Plaintiff realleges each allegation set forth in the paragraphs above.

79. At all relevant times and since its organization on August 20, 2013, Mr. Pereyra has been a Member of KLIO Fitness BOS, LLC; KLIO Fitness MHD, LLC; and KLIO Fitness LYNN, LLC.

80. At all relevant times and since its organization on August 20, 2013, Herve Sedky has been a Member of KLIO Fitness BOS, LLC; KLIO Fitness MHD, LLC; and KLIO Fitness LYNN, LLC.

81. As a Member of the aforementioned LLCs, the Defendant Herve Sedky owes Mr. Pereyra a fiduciary duty.

82. Mr .Sedky has repeatedly breached his fiduciary duties through willful misconduct, including without limitation: (1) Ceasing all payments to strength and cardio equipment lessors, including Barratt Leasing Corporation, Pawnee Leasing Corporation and Time Payment, with the ulterior and intentional purpose of replacing the equipment subject to those leases with new equipment that he either purchased or leased from another equipment supplier or lessor; (2) Ceasing all payments to all equipment lessors with the knowledge that Mr. Pereyra was personally liable on such leases, thereby causing Mr. Pereyra to default on all equipment leases.   Mr. Pereyra was required to transport, transfer, and liquidate such equipment at his own expense; re-collateralize the leases on equipment located at his Warwick, Rhode Island fitness club, continue to pay all monthly amounts due on such leases; settle litigation concerning his default on the leases; and incur expenses and costs associated with such actions. (3) Conspiring with KLIO Fitness Clubs. LLC and KLIO, LLC to discontinue all payments on equipment leases with the knowledge that Mr. Pereyra would incur a significant liability and penalty; (4) Requesting and compelling Mr. Pereyra to agree to a reduction in his twenty-five (25%) membership interest in the LLCs, while misrepresenting facts concerning the financial success and health of the LLCs, and/or forcing the dilution of Mr. Pererya's membership interests. (5) Without the consent and authority of Mr. Pereyra, negotiating with Pawnee Leasing concerning the purchase of the flooring equipment for the Fenway location while discontinuing payments to Pawnee Leasing knowing that Mr. Pereyra would continue to be liable for the balance on the lease; (6) Terminating the business operations of the Lynn Location without the consent and participation of Mr. Pereyra, and offering to Mr. Pereyra that he purchase such business operation, with the knowledge that the Lynn

location was operating at a financial loss and that a competitor, Planet Fitness, intended to open a new fitness facility approximately 1.5 miles away from the Lynn location, which would negatively impact the membership numbers and revenues of the operation. (6) Refusing and failing to cooperate with Mr. Pereyra upon his request for balance sheets, Form K-1s, and copies of the operating agreements for the various LLCs.

83. As a result of Mr. Sedky's breach of fiduciary duty, he has caused Mr. Pereyra damages, including, but not limited to, losses that exceed $152,000.00 concerning the equipment leases that remain unpaid by Sedky and the LLCs, and a loss of profits from each of the LLCs.

## COUNT VII
## FRAUD / MISREPRESENTATION
## (KLIO, LLC; HERVE SEDKY)

84. Plaintiff realleges each allegation set forth in the paragraphs above.

85. In June 2013, KLIO, LLC and Mr. Sedky made oral and written representations to Mr. Pereyra that the entity and Mr. Sedky would assume the liabilities and all future payments for the equipment leases with Barratt Leasing Corporation, Pawnee Leasing Corporation, *et al*, with reckless disregard for the truth, and/or with no intention of honoring such promises.

86. Mr. Pereyra relied on these representations, as he discontinued payments on all equipment leases to Barratt Leasing Corporation, Pawnee Leasing Corporation and permitted KLIO, LLC and Mr. Sedky to undertake liability and payment responsibility on his behalf. The Defendants made all payments on the equipment leases until approximately June 2014.

87. KLIO, LLC and Mr. Sedky's representations were false and/or misleading. The Defendants initially made all equipment lease payments; they then, without the consent or knowledge of Mr. Pereyra, intentionally discontinued all payments and denied responsibility for such payments. The Defendants took such actions so as to replace all of the equipment subject to the leases with new strength and cardio equipment that the Defendants either purchased or leased from another supplier at a lower price or monthly cost. The Defendants actions were undertaken for financial gain.

88. As a result of the Defendants actions, Mr. Pereyra has suffered damages, including but not limited to, losses that exceed $152,000.00 concerning the equipment leases that remain unpaid by Sedky and the LLCs.

## COUNT VIII
## UNFAIR AND DECEPTIVE BUSINESS PRACTICES, VIOLATION OF M.G.L. CH. 93A, § 11
## (KLIO, LLC; KLIO FITNESS CLUBS, LLC; HERVE SEDKY)

89. The Plaintiffs realleges each allegation set forth in the paragraphs above.

90. The Defendants are engaged in the business of financing, investing, owning, operating and deriving profit from health and fitness clubs.

91. The Plaintiffs are engaged in the business of owning and operating health and fitness clubs.

92. In its dealings and/or transactions with the Plaintiffs, the Defendants engaged in trade or commerce as defined by M.G.L. c. 93A, § 1(b).

93. The Defendants infringement of the Plaintiffs' registered service marks constitutes unfair and deceptive business practices.

94. The actions and representations more particularly described in Counts VI and VII, also incorporated by reference, above represent unfair and deceptive business practices.

95. The conduct described herein constitutes unfair and deceptive practices that are prohibited by M.G.L. ch. 93A.

96. As a result of the Defendant's conduct, the Plaintiffs have suffered damages, including, but not limited to, damages exceeding $152,000.00 as well as lawsuits and judgment liens on the Plaintiffs' property and business interests.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, Roberto Pereyra and City Fitness Group, LLC, request that this Honorable Court enter judgment and orders as follows:

1. Enter permanent injunctive relief enjoining the Defendants from using or infringing upon the Plaintiffs' registered service marks;

2. Enter an order disgorging any profits received by the Defendants and awarding such amounts to the Plaintiffs;

3. Award the Plaintiffs compensatory damages in the amount of $202,000.00, plus interest and costs.

4. Award the Plaintiffs treble damages and attorney's fees and costs pursuant to M.G.L. ch. 93A, § 11.

5. Award the Plaintiff, Mr. Pereyra, his lost wages and accrued vacation time in the amount of $8,298.00, and, in addition, award him treble damages pursuant to M.G.L. ch. 149 § 150.

6. Award the Plaintiffs their reasonable attorney's fees and costs.

7. Enter any other relief in favor of the Plaintiffs that this Court deems just and proper.

## JURY DEMAND

The Plaintiffs herein demand a trial by jury.

        Respectfully submitted,

        The Plaintiffs

        Roberto Pereyra;
        City Fitness Group, LLC

        By their attorney,

June 29, 2015        /s/ Stefan E. Cencarik
        Stefan E. Cencarik, BBO #666766
        Grantham & Cencarik P.C.
        100 Cummings Center
        Suite 224-C
        Beverly, MA 01915
        Tel: (617) 497-7141
        Fax: (617) 497-7140
        sec-notices@gcpclaw.com