MEMORANDUM OF UNDERSTANDING

WHEREAS City Fitness Group, LLC, doing business as Leap Fitness, and Robert Pereyra, personally, (collectively hereinafter referred to as "City Fitness") is desirous of selling all three of its health clubs; one located at 181 Union St., Lynn, another located at 71 Lansdowne St. in Boston, and a third located at 46 Tioga Way, Marblehead (hereinafter referred to as the Facilities).

WHEREAS Klio, LLC, its nominees and assigns (hereinafter referred to as "Klio") is willing to purchase those three Facilities, provided the terms and conditions of this Memorandum of Understanding are completely satisfactory and complied with.

WHEREAS this purchase may likely result in a new company being formed (hereinafter referred to as "Newco"), and either all three Facilities will be placed into Newco, or there will be three separate Newco's.

NOW THEREFORE, City Fitness and Klio hereinafter agree as follows:

1. Klio will purchase from City Fitness all of City Fitness's right, title, interest in and of the business Facilities, including but not limited to, all of the assets, any and all customer lists, goodwill, name, equipment, leasehold improvements, security deposits, Accounts Receivables, computers, software, furniture and equipment, and any and all assets used in the business. All assets shall be sold free and clear except as set forth below in paragraph 17.

2. The purchase price for all three Facilities will be a multiple of two times the net income as finally determined by the accountant for Klio and City Fitness. Net income will first be determined by Klio's accountant in accordance with GAP. Thereafter, City Fitness's accountant shall have the right to negotiate with Klio's accountant to arrive at a final determination that will be appropriate, reasonable and satisfactory to both parties. Klio's accountant will have total and complete access to all of the financial records of City Fitness, including but not limited to tax returns, credit card transactions and bank deposits. Furthermore, any and all information provided to City Fitness by the previous owner which City Fitness used to determine its purchase of the Lynn and Marblehead facility in 2012 will also be made available to Klio. Based on the pro forma numbers that have already been provided, if those numbers prove to be correct, the purchase price will be $558,920, which equals two times $279,460. (The numbers provided were pro forma and not tax related numbers. The due diligence to be performed by Klio will try to arrive at a more realistic net profit numbers by adding back or subtracting from the numbers, as the case may be, the numbers which are not properly categorized.)

3. Klio, or its nominee, will own 75% of Newco, and City Fitness, or its nominees, will own 25%. There is likelihood that Sedky's partner in other endeavors, and

his lawyer, Edward A. Shapiro, will own a portion of Newco. Whatever percentage he owns will come from Klio's 75%.

4. At the time of the signing of the Purchase and Sale Agreement, Klio will pay City Fitness 75% of the final agreed upon purchase price. Based on the above numbers as set forth in paragraph 2, that amount will would be $419,125.

5. Any and all profits earned by the end of the year, after a reasonable reserve for expenditures, potential growth, capital, and other normal business expenses, will be made available to the shareholders as a distribution. It is Klio's intent to substantially grow this business. Thus, it is likely that in the first few years there will not be major distributions of the profits earned. Newco, however, will agree to provide a cash distribution, if the cash is available, so that the shareholders/members who will have received a K-1 indicating that profits are to be taxed, will have cash to pay those taxes;

6. Newco will enter into an employment agreement with Robert Pereyra (hereinafter "Pereyra"). The agreement will be at will. Compensation will be $75,000 per year. Newco will expect that Pereyra will be employed on a full-time basis, and will provide his services in a first class quality to manage and supervise all of the business matters of all three Facilities.

7. Klio and/or Herve Sedky (hereinafter "Sedky"), Klio's owner, (hereinafter "Sedky") will arrange for a bank loan to Newco in the amount of $600,000. Based on the current numbers, $419,190 will be used to buy 75% of City Fitness's interest in the Facilities. To secure this loan, assets of either Klio or Sedky will be pledged to the bank. Sedky will be personally liable to the bank. Neither City Fitness nor Pereyra will have any personal liability with respect to this loan. The loan will be for a five-year term. The remaining $180,000 plus/minus will be used for additional working capital, and, if necessary, to fund increased advertising, marketing, capital improvements, equipment purchases, technology and other business improvements, not including substantial leasehold improvements.

8. All profits generated will be applied to the reduction of the loan, and then any and all profits, after those reserved as set forth in paragraph 5 above, will be distributed on a 75/25% basis, with two caveats. The first caveat is that if Klio solely determines that it is in the company's best interest to relocate the Lynn facility, or that there is a need for additional funds to be expended over and above the initial bank financing, and instead of distributing those funds, those funds will be used for building the business further. The second caveat is that if Klio solely determines that the current Lynn facility is to be relocated, then there is very likely going to be a need for additional capital and monies to arrange for that relocation. If either of those caveats is the case, Sedky and Pereyra will in good faith, work toward a re-definition of either the amount of cash payable to City

Fitness or the relative percentage of Newco. (These additional funds could come from either Sedky or a third investor.)

9. Klio will charge the company a 2.5% management fee on gross revenues.

10. Klio or Sedky will have in the first four years an option to purchase City Fitness and or Pereyra's entire interest (it must be all or nothing). The formula for the purchase price will be three times the then net income as determined by the account servicing the company.

11. Pereyra will sign a noncompetition and no solicitation agreement with Newco. The terms of the noncompetition agreement will betwo years. The geographic limit will be area within Rt. 495

12. In addition to the conditions discussed herein and any others to be contained in a definitive written purchase agreement, consummation of the acquisition will be subject to having conducted the business in the ordinary course during the period between the date hereof and the date of closing and there having been no material adverse change in the business, financial condition or prospects.

13. Simultaneously with the execution of the Purchase Agreement, Klio will offer employment to substantially all of City Fitness's employees and would expect the management team to use its reasonable best efforts to assist us to employ these individuals.

14. All parties will use all reasonable efforts to complete and sign the Purchase Agreement on or before July 1, 2013, and to close the transaction as promptly as practicable thereafter.

15. All parties have represented to each other that no brokers or finders have been employed who would be entitled to a fee by reason of the transaction contemplated by this Memorandum of Understanding.

16. In order to induce Klio to commit the resources, forego other potential opportunities, and incur the legal, accounting and incidental expenses necessary properly to evaluate the possibility of acquiring the assets and business described above, and to negotiate the terms of, and consummate, the transaction contemplated hereby, City Fitness agrees that for a period of 45 days after the date hereof, or such shorter period if the parties terminate this Memorandum of Understanding, City Fitness, its affiliates and its respective officers, directors, employees and agents shall not initiate, solicit, encourage, directly or indirectly, or accept any offer or proposal, regarding the possible acquisition by any person other than Klio, including, without limitation, by way of a purchase of shares, purchase of assets or merger, of all or any substantial part of its equity or assets, and shall not (other than in the ordinary course of business as heretofore conducted) provide any confidential

information regarding its assets or business to any person other than Klio and its representatives.

17. Klio will assume no liability of City Fitness except the real estate lease on the three Facilities and the equipment leases on the equipment located at the three Facilities.

This Memorandum of Understanding is contingent upon the following additional contingencies:

1. satisfactory renegotiation, in all respects, of all leases; this will include secure long-term option provisions;

2. bank financing in the amount of $600,000;

3. satisfactory due diligence, in all respects, of all financial and other business issues such as relocation of the Lynn facility, and the probable need for significant leasehold improvements to one or two or both of the other facilities,, including but not limited to the following:

    - Year to date Profit & Loss
    - Corp tax returns for each club - 2010, 2011, 2012
    - Copy of most recent EFT draft
    - Personal tax returns - 2010, 2011, 2012
    - Current Balance Sheet
    - Schedule of Business Debt for the gym (Attached)
    - Company Interims - YTD P&L, Balance Sheet, A/R & A/P aging schedule if applicable
    - P&L for 2011 for the same time period for comparison purposes
    - Personal credit report
    - Human resources/personnel information
    - Details & copies of real estate and equipment leases
    - An independent analysis of the cost to update the leasehold interest of one or more of the three Facilities

- any and all tax corporate financial and other business information provided by the previous owner to City Fitness when City Fitness purchase the two Facilities in Lynn and Marblehead.

Both City Fitness and Klio understand and agree that there are still a significant number of issues such as relocation of the Lynn Facility, and the probable need for significant leasehold improvements, most of which are financial, and which are yet to be determined. Thus, this Memorandum of Understanding is nonbinding and subject to both parties entering into a definitive Purchase and Sale Agreement which will be satisfactory in all respects, and in all terms, to both parties. Failure to enter into such Purchase and Sale Agreement will make this Memorandum of Understanding null and void and of no further force and effect. The parties agree, however, that the terms, specifically the two times multiple of net profits contained herein, are the substantive agreed-upon terms to be incorporated in the definitive agreement. The parties agree to negotiate in good faith to modify, if necessary, the terms of the agreement, and in good faith to try to execute a definitive Purchase and Sale Agreement.

The parties will enter into a definitive Purchase and Sale Agreement which will reflect all of the terms and conditions of this Memorandum of Understanding as soon as possible. To that extent, both parties agree to be as cooperative as possible in bringing this matter to a signed and definitive Purchase and Sale Agreement. Time is of the essence. The closing will occur simultaneously with the bank financing received.

Either party may terminate this Memorandum of Understanding at any time and for any reason. Once written notice of termination is provided, the Memorandum of Understanding will be null and void.

If this Memorandum of Understanding is terminated, Klio and Sedky agree:

a) that they will not negotiate for one year with any landlords in Lynn for the purpose of opening a health club; and
b) that the work product of Klio's architects and lawyers with respect to the relocation of the Lynn Facility and the updating of the Marblehead and Boston Facilities will be made available to City Fitness for the out of pocket costs incurred by Klio.

WITNESS our hands and seals this __1st__ day of __June__ 2013.

CITY FITNESS GROUP, LLO

By: _____/s/_____

KLIO, LLC

By: _____

_____/s/_____
Robert Pereyra, Individually

_____
Herve Sedky, Individually